UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CURTIS REYNOLDS, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-07-675 |
| JOHN GURGANUS, PROSECUTOR, | : | (Judge McClure) |
| Respondent | : | |

## **MEMORANDUM**

April 12, 2007

**Background**

    Michael Curtis Reynolds ("Petitioner"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania initiated this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241.  Reynolds' petition is accompanied by an *in forma pauperis application.*  For the reasons set forth below, Reynolds' petition will be dismissed as meritless.

    Named as sole Respondent is Assistant United States Attorney John Gurganus of the Middle District of Pennsylvania.  This is the latest in a series of civil rights complaints and habeas corpus petitions filed by Reynolds which challenge the legality of his ongoing federal criminal prosecution in this district.  See United States v. Reynolds, Case No. 3:05-CR-493.  AUSA Gurganus is the prosecuting attorney.  In his petition, Reynolds reasserts his previous claims that there has been a violation of

1

his speedy trial rights and perjured testimony was presented before the grand jury. As relief, Reynolds seeks reversal of his federal criminal charges and release.

**Discussion**

Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)) permits summary dismissal of a § 2241 habeas corpus petition.. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). A judge may enter summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

As repeatedly noted by this Court, Reynolds has not yet been convicted or even tried of the federal criminal offenses underlying this action.[1] The Court of appeals for the Third circuit has observed that, " simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted). More importantly, in Stolt-Nielsen, the Court of Appeals indicated that a habeas corpus petition should not be entertained

---

1. Petitioner's federal criminal trial is presently scheduled for May 29, 2007.

where the applicant has an available forum in which to assert his defenses to federal criminal charges.  See id. at 185;  Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987).  Clearly, the Petitioner has an available and adequate remedy at law.  Specifically, he may assert his present claims as well as any additional defenses/arguments before the judge presiding over his ongoing federal criminal proceedings.

Furthermore, even if convicted of the pending federal criminal charges, the appropriate avenue for Reynolds to pursue his present arguments would be via a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255.  As Petitioner has been previously told, it is simply not appropriate for this Court to entertain his claims of  speedy trial violation and  perjured grand jury testimony via a pre-trial federal habeas corpus petition.  If Reynolds wishes to pursue his present arguments, he must do so in his ongoing federal prosecution, or thereafter before the Court of Appeals.  The petition for writ of habeas corpus will be denied.  An appropriate Judgment will enter.



    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
      Petitioner :
:
  v. : CIVIL NO. 4:CV-07-675
:
JOHN GURGANUS, PROSECUTOR, :
: (Judge McClure)
      Respondent :

## **ORDER**

April 12, 2007

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. Reynolds' habeas corpus petition is DENIED.

3. The Clerk of Court is directed to close the case.

4. Based on the Court's determination herein, there is no basis for the issuance of a Certificate of Appealability.

                        s/ James F. McClure, Jr.
                        JAMES F. McCLURE, JR.
                        United States District Judge